# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THE FIRST NATIONAL BANK,
a national banking association,

       Plaintiff,

vs.                                                                                  Civil No. 99-1497 WWD/DJS

THE KANSAS BANKERS SURETY
COMPANY, a Kansas corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Summary Judgment, filed December 28, 2000 **[docket # 48]**.  Plaintiff ("Bank") purchased a Financial Institution Crime Bond ("Bond") from Defendant ("KBS") to protect itself from loss resulting from the dishonest and fraudulent acts of its employees.  In February 1999, it was discovered that a bank employee, Kim Kinamen, had engaged in a large number of acts to embezzle money from the bank and to conceal her activities.   In response to the Bank's Proof of Loss, KBS issued a check to Plaintiff for less than the full amount of the claimed loss.   In this action, Plaintiff sues KBS for denial of coverage and for breach of good faith and fair dealing in the handling of Bank's claim for its loss.[1]

---

[1] Defendant points to the Bank's failure to comply with D.N.M. LR-Civ. 10 pertaining to page limitation of exhibits. *Resp. at 2, n.1*.  While this is an accurate statement, a more complete statement would have included the fact that Defendant (as well as Plaintiff) failed  to comply with Rule 10's requirement pertaining to highlighting of exhibits, including the Court's copy.  *D.N.M. LR-Civ. 10.6*.   Because both parties have submitted numerous deposition portions as part of the motion package, the oversight is particularly troublesome.

Summary judgment is properly granted by a district court when there is no genuine issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c)*. In applying this standard, we review the factual record in the light most favorable to the nonmoving party. *Perlmutter v. United States Gypsum Co., 54 F.3d 659, 662 (10th Cir. 1995) (citation omitted)*.

The Fidelity provision, or section A of the Insuring Agreement, provides coverage for:

> *(A) Loss resulting directly from dishonest or fraudulent acts committed by an Employee acting alone or in collusion with others.*
>   *Such dishonest or fraudulent acts must be committed by the Employee with the manifest intent:*
>     *(a) to cause the Insured to sustain such loss, and*
>     *(b) to obtain financial benefit for the Employee or another person or entity.*

*Pltff.'s Ex. 6*.

Defendant does not dispute that Kinamen deposited $210,373.23 into her personal accounts or that she had the "manifest intent" to obtain a financial benefit for herself in doing so. Beyond this, the amounts claimed as loss are in dispute. The Bank claimed a total loss of $1,527,102.48 ($210,373.23 + $1,316,729.25, the latter representing the amount of loss Plaintiff claims resulted from Kinamen's efforts to conceal her fraudulent schemes). The Bank recovered $953,992.00, leaving $573,110.48 unrecovered, but incurred $112,744.00 in collection expenses. The Bank claimed a total net loss of $685,854.48. KBS paid out $185,373.23 on the Bank's claim.

KBS concedes coverage for the $210,373.23 (minus a $25,000.00 deductible), and does not dispute that the Proof of Loss submitted by the Bank sets forth $112,744.00 as a collection expense, nor does it dispute the amount recovered by the Bank. However, Defendant contends

that both the Bank's unrecovered amounts as well as the collection costs do not come within the terms of the Insuring Agreement in the Bond.  Its position is that there is a factual dispute regarding whether the unrecovered amount reflects losses that were the result of the Bank's weak internal controls through the several years Kinamen was employed at the Bank.  Thus, Defendant argues, it cannot be determined as a matter of law that Kinamen had the "manifest intent" to cause loss to the Bank and to obtain a financial benefit to herself beyond the $210,373.23, or to obtain a financial benefit to others -- all of which the Bank would have to demonstrate under the terms of the Bond.  In addition (and premised on the position that the unrecovered amount is not covered under the Insured Agreement), Defendant contends that the collection costs are not covered because the Bank did not provide an accounting to verify whether the efforts, services and expenses were tied to the recovery of a covered loss.[2]

After thoroughly reviewing the parties' submissions and after considering the applicable law,  I find that Defendant has presented evidence raising genuine disputes as to material facts regarding coverage for the amount beyond the $210,373.23 which Kinamen deposited into her accounts.

Similarly, summary judgment is not appropriate on Plaintiff's allegations of bad faith, including the failure to adequately investigate the claim.  Material disputes of fact exist as to whether KBS' processing of the claim was handled reasonably based on the information submitted

---

[2]  Plaintiff argues that Defendant mischaracterized  the expenses as money that was spent to establish the existence of the loss, which would be excluded under the Bond.  *See Pltff's Brf. at 21, Ex. 6 at 5*.  Even assuming this to be correct,  *see Ex. 4 at 2,* there is still a dispute of material fact regarding whether the expenses fall within the provision that would allow reimbursement, borrowing from Defendant's argument.  *Ex. 6 at 6*.

by the Bank in its claim under the Bond.  *See G & G Serv. Inc. v. Agora Syndicate, 128 N.M. 434, 440, 993 P.2d 751, 757-58 (N.M. 1999) (declining to adopt "sweeping duty to investigate, regardless of the circumstances").*  A development and resolution of these facts at trial is necessary in order to determine whether Defendant's refusal to cover Plaintiff's entire claim constitutes a "frivolous or unfounded refusal to pay."  *Jackson Nat'l Life Inc. Co. v. Receconi, 113 N.M. 403, 419, 827 P.2d 118, 134 (1992).*

Accordingly, the existence of issues of material facts on the above issues preclude granting summary judgment in favor of Plaintiffs.  *See Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant).*  Plaintiff's Motion for Summary Judgment **[docket # 48]** is thereby DENIED.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE