# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THE FIRST NATIONAL BANK,
a national banking association,

        Plaintiff,

vs.                                                       Civil No. 99-1497 WWD/DJS

THE KANSAS BANKERS SURETY
COMPANY, a Kansas corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Reconsideration of January 5, 2001 Order Denying Motion in Limine re: "Negligence" or "Fault" of Bank, filed January 19, 2001 **[docket # 78]**. Plaintiff ("Bank") seeks reconsideration of this Court's Order denying a motion to preclude Defendant ("KBS") from making any reference at trial to the alleged contributory negligence or other "fault" on the part of the Bank.

The insuring provision at issue in this case provides coverage for:

*(A)  Loss resulting directly from dishonest or fraudulent acts committed by an Employee acting alone or in collusion with others.*
    *Such dishonest or fraudulent acts must be committed by the Employee with the manifest intent:*
    *(a) to cause the Insured to sustain such loss, and*
    *(b) to obtain financial benefit for the Employee or another person or entity.*

*Pltff.'s Ex. 6.*[1] (Financial Institution Crime Bond) ("Bond").

In the underlying case, KBS disputes the amount purported by the Bank to constitute the

---

[1] The exhibit is attached to Plaintiff's Motion for Summary Judgment [docket # 48].

"loss" caused by the dishonest acts of Kim Kinamen, a Bank employee, contending that the financial loss to the Bank beyond the $210,373.23 which Kinamen deposited into her account resulted from the Bank's lack of internal controls or proper supervision of its employees.  *See Court's Order Denying Pltff's Mot. for Sum.J., at 3, n.2,  docket # 63*.   Such losses, if not caused by "dishonest" or "fraudulent" acts, would arguably not be covered under the express terms of the Bond.

The parties argue legal issues at cross-purposes.  KBS focuses on whether the Bank's loss is in fact caused by acts that are covered under the terms of the Bond.  Plaintiff clings to the position that any evidence of the Bank's negligence cannot be explored to determine whether the loss (whether or not it is a covered loss) would have occurred in the first place had the Bank not been negligent.  Although the latter position may be legally sound, it does not apply here.  While an insurer may not be able to avoid liability by the mere negligence of the insured,[2] in this case eliminating all reference to the Bank's lack of internal controls and lack of proper supervision of its personnel would be overkill.  As Defendant points out, the issue for purposes of the present motion is one of admissibility of evidence, not a sufficiency of KBS' defenses.   Further, inasmuch as Defendant is not attempting to use this evidence for the purpose of negating coverage, the evidence will not be precluded.

"A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that

---

[2]  See e.g., Arlington Trust Co., Inc. v. Hawkeye-Security Ins. Co, 301 F.Supp. 854858 (E.D.Va. 1969); First Hays Banshares, Inc., v. Kan. Bankers Surety Co. et al., 769 P.2d 1184, 1192 (Kan. 1989).   I have found no New Mexico case on point for this rule, nor have the parties offered any.

could not have been obtained through the exercise of due diligence." Benedictine College v. Century Office Products, 866 F.Supp. 1323, 1326 (D.Kan. 1994).  I find none of these bases applicable to this case, and therefore see no reason to modify this Court's Order denying Plaintiff's motion in limine.  Evidence of the Bank's lack of internal controls and lack of proper supervision of its personnel is not precluded as evidence in order to help determine whether the Bank's claimed losses are covered, and to what extent.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of January 5, 2001 Order Denying Motion in Limine re: "Negligence" or "Fault" of Bank **[docket # 78]** is hereby DENIED.

_____
UNITED STATES MAGISTRATE JUDGE